# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

LENARD HARRIS,                          )
                                        )
      Petitioner,            )
                                        )
v.                                      )       Case No. CV408-053
                                        )
JUDGE PERRY BRANNAN and                 )
CHATHAM COUNTY SUPERIOR                 )
COURT,                                  )
                                        )
      Respondents.           )

## REPORT AND RECOMMENDATION

Lenard Harris has filed yet another petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)[1] As before, he presents no factual allegations for consideration by the Court. See Harris v. State of Georgia, No. 408cv002 (S.D. Ga. Jan. 23, 2008) (dismissed for failure to provide facts supporting his grounds for relief); Harris v. St. Lawrence, No. 406cv158 (S.D. Ga. Aug. 29, 2006) (same). While the current petition could be construed as

---

[1] This is the sixth § 2254 petition filed by petitioner since 2005. All of his prior petitions were dismissed by this Court. Harris v. State of Georgia, No. 408cv002 (S.D. Ga. Jan. 23, 2008); Harris v. Sheriff, No. 407cv053 (S.D. Ga. Oct. 1, 2007); Harris v. St. Lawrence, No. 406cv173 (S.D. Ga. Oct. 16, 2006); Harris v. St. Lawrence, No. 406cv158 (S.D. Ga. Aug. 29, 2006); Harris v. St. Lawrence, No. 405cv152 (S.D. Ga. Oct. 4, 2005).

alleging some facts, it is so rambling and unfocused that the Court cannot comprehend any possible challenge to his sentence or evaluate whether the petition has any conceivable merit.[2] Thus, this petition should be **DISMISSED** without prejudice. <u>See</u> <u>Blackledge v. Allison</u>, 431 U.S. 63, 75 n. 7 (1977) (noting that notice pleading is not sufficient for habeas petitions) (citing Advisory Committee Note to Rule 4, Rules Governing Habeas Corpus Cases); Rules Governing § 2254 Cases, Rule 2(c) (requiring petitioner to state "facts supporting each ground" and "relief requested").

In addition, under 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." In his petition, petitioner notes that he has an appeal pending. (Doc. 1 at 2.) Because it appears that petitioner has failed to exhaust his state court

---

[2] Once again, petitioner has blatantly ignored the clear instructions on his § 2254 form petition, which direct him to list "supporting facts" and "tell your story <u>briefly</u> without citing cases or law." (Doc. 1 at 4 (emphasis in original).)

remedies, the Court should **DISMISS** the instant petition without prejudice for failure to exhaust state remedies.

Finally, petitioner has not paid the filing fee nor moved to proceed *in forma pauperis* in this § 2254 case. Accordingly, his case should be **DISMISSED** for failure to pay the filing fee. See Rule 3(a), Rules Governing Section 2254 Cases; 28 U.S.C. § 1914(a).

**SO REPORTED AND RECOMMENDED** this 21st day of March, 2008.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA